■ In the Matter of THOMAS POTTS, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents. [719 NYS2d 863] —Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about December 20, 1999, which denied petitioner inmate's application to annul respondents' determination that he assaulted a correction officer, and dismissed the petition, unanimously affirmed, without costs.

The record does not support petitioner's claim that the Hearing Officer arbitrarily limited him to two witnesses at his disciplinary hearing, and that he was thereby denied due process. As the motion court found, the record shows that petitioner had identified two individuals he wanted to call as witnesses, but that such individuals declined to testify because they were sleeping when sent for by the Hearing Officer. The Hearing Officer then directed that the prison dormitory population be canvassed for other potential witnesses, and two inmates did come forward, and gave testimony favorable to petitioner, which the Hearing Officer rejected as lacking in credibility. No basis exists to disturb the Hearing Officer's findings of credibility (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444). Substantial evidence of the charged assault was provided by the Use of Force Reports prepared by the involved correction officers (see, People ex rel. Vega v Smith, 66 NY2d 130). The Hearing Officer's reliance on the Use of Force Reports and the Inmate Injury Report did not violate petitioner's due process rights, or otherwise prejudice him. The record shows that the Hearing Officer read aloud the relevant contents of the Use of Force Reports, and the Inmate Injury Report contains a notation that it was shown to petitioner before the hearing and that he refused to sign it. We would also note that petitioner never requested to see these documents during the hearing. Concur—Tom, J. P., Andrias, Ellerin, Rubin and Saxe, JJ.